IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARNOLDO HERRERA, Individually and On Behalf of All Others Similarly Situated, Plaintiff, | § | |
| V. WHITEROC DRYWALL, LLC and GD&D DRYWALL, LLC Defendants | § § | CIVIL ACTION NO. 4:18-cv-0558 JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Arnoldo Herrera and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendants, their subsidiaries and affiliated companies.

**Parties**

1. Plaintiff Arnoldo Herrera ("Herrera"), a former employee of Defendants, was personally engaged in interstate commerce during his employment with the Defendants. He is represented by the undersigned.

2. Defendant Whiteroc Drywall, LLC ("Whiteroc") is a Texas limited liability company and an "employer" as defined by the FLSA. With respect to Plaintiff, Whiteroc is subject to the provisions of the FLSA. Whiteroc was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and has gross annual revenues in excess of $500,000.00. Whiteroc may be served through its

registered agent, David Baker at 9518 Grant Rd., Houston, TX 77070, or wherever he may be found.

3. Defendant GD&D Drywall, LLC ("GD&D") is a Texas limited liability company and is also an "employer" as defined by the FLSA. With respect to Plaintiff, GD&D is subject to the provisions of the FLSA. GD&D was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. GD&D may be served through its registered agent, Gildeberto Valdez, at 288 County Road 3310B, Cleveland, TX 77327, or wherever he may be found.

## Jurisdiction and Venue

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendants and Plaintiff transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district.

## Factual Allegations

6. During each of the three years prior to this complaint being filed, Defendants were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

7. During each of the three years prior to this complaint being filed, Defendants

regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

8. At all times pertinent to this Complaint, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business(es).

9. During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

10. During each of the three years prior to this complaint being filed, Defendants' employees used goods, tools, equipment or materials that traveled in interstate commerce; that is, goods, tools, equipment or materials that were made or manufactured outside the state of Texas.

11. Defendants are involved in the construction business, performing, among other services, carpentry and drywall work for commercial construction projects.

12. Whiteroc was sued on July 7, 2016 by the undersigned attorneys under the FLSA for failure to pay overtime to employees such as Mr. Herrera. Soon after that lawsuit was filed, Defendants took steps to attempt to avoid liability for overtime pay in the future. Unfortunately, instead of actually properly classifying Herrera and his co-workers as employees and paying them overtime pay and properly paying employment taxes, Whiteroc devised a scheme to try to avoid liability and keep doing what he and his company had been doing: Baker required several of his supervisory personnel, Gildeberto Valdez, David Valdez and Daniel Valdez, to form a company to handle payroll matters for Whiteroc: Defendant GD & D Drywall, LLC. The way that the business operations of Whiteroc continued to be run in the same manner as before, except that payroll checks were written by GD&D Drywall, LLC (and perhaps others). Whiteroc continued to control the manner in which work was performed, controlled the manner in which

workers were classified (misclassified as independent contractors), supplied all tools and materials for the construction work being performed. GD&D Drywall, LLC and its owners, as well as the workers performing services for Whiteroc and GD&D, were and are economically dependent on Whiteroc. After GD&D began handling the payment of Plaintiff's and his co-workers' wages, Whiteroc and GD&D were joint employers of Plaintiff and his co-workers.

13. Plaintiff Arnoldo Herrera worked for Defendant only as an hourly construction worker from 2013 until approximately July of 2016 for Whiteroc only, and then until January 10, 2018 for both Defendants. Herrera's duties included, but were not limited to, giving instructions to other employees, framing, hanging sheetrock and installing doors.

14. During his tenure with the Defendants, Plaintiff regularly worked in excess of 40 hours per week.

15. Plaintiff is and was paid on an hourly basis and is and was not paid an overtime premium for hours worked over 40 hours per workweek.

16. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work.

17. Defendants are jointly and severally liable to the Plaintiff and the Members of the Class, as defined below, for the damages sought herein, as the Defendants are a joint enterprise as defined in terms of the FLSA.

### Plaintiff's Individual Allegations

18. As described above, Plaintiff was at all times relevant to this case an employee of Whiteroc and then Whiteroc and GD&D. During his tenure with both Defendants, Plaintiff was entitled to be paid his regular wages and to be paid an overtime premium for all work performed during the hours worked over forty-(40)-hours in each workweek.

19. Defendants failed to pay the Plaintiff the required overtime premium in many such workweeks that the Plaintiff was employed by Defendants, as the Plaintiff worked in excess of 40 hours in many weeks.

20. No exemption excuses the Defendants from paying Plaintiff for all time spent and work performed during the hours he worked, and the Defendants have not made a good faith effort to comply with the FLSA. Any argument by Defendants that Plaintiff and his co-workers were independent contractors if either Whiteroc or GD&D has no merit. Plaintiff and the other workers were entirely under the control of the Defendants in the manner in which they worked and in the manner in which they were paid: Plaintiff and the others were economically dependent on Defendants.

21. The Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiff. Such practice was and is a clear violation of the FLSA.

22. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights. The actions of Whiteroc in continuing its practice of misclassifying employees as independent contractors, and in trying to build an artificial separation through the use of GD&D between itself and the workers in terms of payment demonstrate an intentional attempt to circumvent the requirements of the FLSA.

### Collective Action Allegations

23. Other employees have been victimized by the Defendants' pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiff. Thus, Plaintiff is aware that the illegal practices or policies of the Defendants have been imposed on the Members of the Class. Specifically, through speaking with other

employees, Plaintiff is aware that Defendants make a regular practice of misclassifying their employees as independent contractors, and of not paying the required overtime premium for hours worked over 40 in a workweek, but instead pays all other employees on the same basis as the Plaintiff.

24. The Members of the Class performed work that is similar in nature to that performed by Plaintiff; these individuals worked alongside the Plaintiff performing the same type of work that the Plaintiff performed. Accordingly, the employees victimized by the Defendants' unlawful practices are similarly situated to Plaintiff in terms of their job duties.

25. Further, each member of the class was paid according to a common payment scheme, "straight time" pay at the same hourly rate for all hours worked, even those over 40 in a workweek. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

26. The Defendants' failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

27. No justification or exemption excused the Defendants from paying the Members of the Class for all work performed and time spent working, and the Defendants did not make a good faith effort to comply with the FLSA. The Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to the Members of the Class.

28. Accordingly, the class of similarly situated Plaintiffs is properly defined as:

> **All persons employed as hourly construction workers by Defendants Whiteroc Drywall, LLC and GD&D Drywall, LLC during the three-year period preceding the filing of this Complaint.**

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

29. Defendants violated the FLSA by failing to properly compensate Plaintiff and Members of the Class for work performed in the employ of the Defendants.

30. Plaintiff and Members of the Class have suffered damages as a direct result of Defendants' illegal actions.

31. Defendants are liable to Plaintiff and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Demand for Jury

32. Plaintiff demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by Whiteroc Drywall, LLC and GD&D Drywall, LLC as hourly construction workers during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendants for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendants that their violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment

        interest;

6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;
8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

        Respectfully Submitted,

        **THE BUENKER LAW FIRM**

        */s/ Josef F. Buenker*
        Josef F. Buenker
        TBA No. 03316860
        jbuenker@buenkerlaw.com
        2060 North Loop West, Suite 215
        Houston, Texas 77018
        713-868-3388 Telephone
        713-683-9940 Facsimile

        **ATTORNEY-IN-CHARGE FOR**
        **PLAINTIFF ARNOLDO HERRERA**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF**
**ARNOLDO HERRERA**